IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAMBRIDGE EDUCATIONAL
CENTER, INC., 6455 East Johns
Crossing, Suite 402, Duluth, GA
30097,

    Plaintiff,

      v.

MISCHELLIE OH, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-3434-TWT

ORDER

This is a breach of contract and copyright infringement action. It is before the Court on the Defendants' Motion to Dismiss [Doc. 3]. For the reasons set forth below, the Court GRANTS the Defendants' motion.

I. Background

The Plaintiff, Cambridge Educational Center, Inc. ("Cambridge") is the owner and licensor of C2 tutoring services. Cambridge licenses C2's tutoring techniques for use in C2 Educational Centers. The Defendant, Mischellie Oh, operated a C2 Educational Center as a center director. As part of employment, Oh signed a Non-Competition Agreement with the Plaintiff (the "Agreement"). (See Compl., Ex. A.)

The Agreement required Oh to return confidential information at the end of her employment. The Agreement further prohibited Oh from opening a competing tutoring center for twenty-four months after her employment ended. After Oh's termination, she opened a competing tutoring center called Olympic Learning Center, LLC ("Olympic"). Oh is a Washington resident. Olympic is a Washington company with its principal place of business in Washington. According to the Agreement, the Plaintiff is a Maryland corporation.

On October 10, 2011, the Plaintiff filed this Complaint against Oh and Olympic [Doc. 1]. The Complaint alleges that Oh violated the Agreement by misappropriating confidential information and opening Olympic. The Complaint includes claims for breach of fiduciary duty, tortious interference with contractual relations, breach of contract, misappropriation of trade secrets, and copyright infringement. On November 2, 2011, the Defendants filed a Motion to Dismiss [Doc. 3]. The Defendants argue that the Court lacks personal jurisdiction over the Defendants, that venue is improper, and that the Plaintiff does not have the capacity to sue.

## II. Legal Standards

### A. Personal Jurisdiction Standard

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima

facie case of jurisdiction over the movant, nonresident defendant." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). The plaintiff establishes a prima facie case by presenting "enough evidence to withstand a motion for directed verdict." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). A party presents enough evidence to withstand a motion for directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions . . ." Walker v. NationsBank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995). The facts presented in the plaintiff's complaint are taken as true to the extent they are uncontroverted. Foxworthy v. Custom Tees, Inc., 879 F. Supp. 1200, 1207 n.10 (N.D. Ga. 1995). If, however, the defendant submits affidavits challenging the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc., 593 F.3d 1249, 1257 (11th Cir. 2010); Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002). If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. Madara, 916 F.2d at 1514.

III. Discussion

A.   Personal Jurisdiction

First, the Defendants argue that the Court lacks personal jurisdiction over them. To determine whether a nonresident defendant is subject to personal jurisdiction, the court must perform a two-part analysis. Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc., 593 F.3d 1249, 1257-58 (11th Cir. 2010). First, the court must determine whether the exercise of personal jurisdiction is proper under the state's long-arm statute. Id. Next, the court must determine whether there are sufficient "minimum contacts" with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment. Id.; International Shoe Co. v. Washington Office of Unemployment Comp. and Placement, 326 U.S. 310 (1945).

> The Georgia long-arm statute provides, in pertinent part:
>
> A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of the state, if in person or through an agent, he or she (1) Transacts any business within this state.

O.C.G.A. § 9-10-91. The Georgia Supreme Court has held that this portion of the long-arm statute does not extend to the maximum extent permitted by procedural due process. Innovative Clinical & Consulting Servs., LLC v. First Nat. Bank of Ames, 279 Ga. 672, 675 (2005). Thus, "the long-arm statute must be read literally."

Diamond Crystal Brands, 593 F.3d at 1259. "Accordingly, subsection (1) long-arm jurisdiction in Georgia expressly depends on the actual transaction of business-the doing of some act or consummation of some transaction-by the defendant in the state." Id. at 1260.

Further, Federal due process requires a showing of "minimum contacts" sufficient to ensure that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316; Diamond Crystal Brands, 593 F.3d at 1261. This standard requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

Here, the Defendants have committed no act in Georgia. Oh is a Washington resident. Olympic is a Washington company with its principal place of business in Washington. The Agreement states that the Plaintiff is a Maryland corporation. The Plaintiff does not allege that Oh or Olympic signed the Agreement or committed any act in Georgia. For these reasons, the Court lacks personal jurisdiction over the Defendants.

B.  Venue

The Defendants have also moved to dismiss the Complaint for improper venue. 28 U.S.C. § 1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Here, no Defendant resides in Georgia. None of the events giving rise to this claim occurred in Georgia. Finally, no Defendant was served in Georgia. For these reasons, venue is improper.

### C. Capacity to Sue

Having found that the Court lacks personal jurisdiction, and that venue is improper, the Court need not address the Defendants' argument that the Plaintiff lacks capacity to sue.

### D. Attorneys' Fees

The Defendants argue that they are entitled to attorneys' fees under § 505 of the Copyright Act. 17 U.S.C. § 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Here, the Defendants prevailed on the Plaintiff's copyright claim. Indeed, the Plaintiff failed to respond to the Defendants' Motion to Dismiss. Further, on December 9, 2010, the Plaintiff brought a similar action alleging claims against out of state defendants. (See Cambridge Educational Center, Inc. v. Yi, No. 1:10-CV-04019-CC; Doc. 16-5.) The defendants in that action filed a motion to dismiss for improper venue [see Doc. 16-4]. As in this case, the Plaintiff failed to respond. The court dismissed the lawsuit on June 7, 2011 [see id.]. For these reasons, attorney's fees are appropriate.[1]

The Defendants also seek attorneys' fees from the Plaintiff's counsel, Jai Kim, under 28 U.S.C. § 1927. Under that statute:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Here, the Complaint failed to allege personal jurisdiction. Ms. Kim, however, did not unreasonably multiply the proceedings in this case. For this reason, attorneys' fees against the Plaintiff's counsel are inappropriate.

E.  Injunction

---

[1] These attorney's fees are assessed against the Plaintiff, Cambridge.

Finally, the Defendants request that the Court enjoin the Plaintiff from filing similar actions. The Defendants note that the Plaintiff filed a similar lawsuit that was dismissed for improper venue. (See Defs.' Mot. to Dismiss, Ex. 4; Doc. 16-5.) Although this lawsuit was also unsuccessful, the Plaintiff's conduct is not so abusive as to warrant an injunction. See Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986) (noting complete injunction unconstitutionally infringed on right of access to courts where prisoner had filed 176 cases in District Court).

## IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 3].

SO ORDERED, this 18 day of January, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge